## CHANDLER v. HUDSON, USE, &c.

1. Interrogatories propounded to the plaintiff under the statute, are not in the nature of a *fishing bill*, where, in connection with the affidavit made previous to their being filed, they state the existence of a pertinent fact, which the defendant believes to be within the plaintiff's knowledge, and calls on him to answer in respect thereto.

2. Where interrogatories to the plaintiff are allowed, and an order made that he answer them within a definite time after the service of a copy, the Court impliedly affirms their pertinency, and the defendant cannot be compelled to receive answers irregularly verified or insufficiently authenticated.

3. Where the plaintiff, to whom interrogatories are propounded, is a non-resident, he may pray a commission to some one designated to take his answers, as in other cases where depositions or answers in Chancery are to be taken; but the certificate of an individual, describing himself as a justice of the peace of another State, and affirming that the plaintiff there verified his answers by oath administered by that individual, is not a sufficient verification. The Court cannot judicially know his official character, nor is it competent to prove it by the testimony of a witness who heard it said, at the place where the answers were made, that the person certifying them was a justice of the peace.

4. *Semble;* where the declaration states that Frederick W. C. made his promissory note, &c., and the note offered in evidence was made by F. W. C., it is sufficiently described to make it admissible evidence.

Writ of Error to the Circuit Court of Randolph.

This was an action of assumpsit at the suit of the defendant in error against the plaintiff. The cause was tried on issues to the pleas of *non-assumpsit*, payment, set off, and accord and satisfaction. On the trial, the defendant excepted to the ruling of the Court, and the bill of exceptions presents the following points: 1. The declaration designates the plaintiff's name as Frederick W. Chandler, and alledges, that he " made his certain promissory note in writing, bearing date on the day and year aforesaid," &c., while the note is subscribed with the name of "F. W. Chandler." The Court held, that the note was not misdescribed, and permitted the same to go in evidence to the jury. 2. An order

Chandler v. Hudson, et al.

was made by the Court, at a term previous to the trial of this cause, requiring the beneficial plaintiff to answer certain interrogatories exhibited by the defendant pursuant to the statute in such cases. These interrogatories were answered, and the answers verified before an individual who describes himself as a justice of the peace of Coweta county, in the State of Georgia; but there was no other proof of his official character, save the statement of a witness, that about three weeks previous to the trial, he was in Georgia, and was there informed, that the person who attested the verification was a justice of the peace of that State. The defendant declined using the answers as proof, and moved the Court to require the plaintiff to answer in proper form, under oath or affirmation, and continue the cause, but the Court refused to require the answers to be otherwise verified, or to order a continuance. Thereupon the defendant moved to dismiss the suit, because the truth of the plaintiff's answers was not sufficiently vouched; this motion was in like manner denied, and the defendant ruled into trial. A verdict was returned for the plaintiff, for the amount of the note and interest, and judgment rendered accordingly.

F. W. Bowdon, for the plaintiff in error. The proof of the official character of the person who certified the plaintiff's answers in Georgia, was clearly inadmissible. The evidence showing that he was a justice of the peace would be the certificate of the proper officer, authenticated by the seal of State. This not being furnished, the suit should have been continued or dismissed.

The note offered in evidence to sustain the declaration was misdescribed and should have been rejected. [Greenl. on Ev. 78, u. 3; Cro. Jac. Rep. 558; Id. 640; Cro. Eliz. Rep. 879; 3 Taunt. Rep. 504.]

S. F. Rice, for the defendant. The case of Mallory v. Matlock, at this term, precludes all inquiry on writ of error as to interrogatories exhibited to a party under the statute. If it does not, it is insisted that the affidavit and interrogatories are in the nature of a fishing bill; being evasive, without stating that there is a set off.

COLLIER, C. J.—Neither the affidavit or interrogatories

are drawn with precision, or accuracy, in the use of language. The former is unnecessarily verbose, yet it affirms that the defendant is entitled to a set off against the note declared on, for $395 26, that he is informed, and believes, that Beadles, for whose use the suit is brought, has no interest therein, but he is made a beneficial plaintiff to embarrass the defence. The interrogatories then call on him to answer, whether the nominal plaintiff was not the proprietor of the note, when the suit was commenced; or if he is the owner of it, when and how he acquired it, and what he gave for it; whether the suit has not been brought for his use, for the purpose of cutting off a defence against the nominal plaintiff. Did he not know, before he became interested in the note, that the defendant had sets off against it for a large amount, and that he was entitled to a set off of $395 26.

This brief recital of the affidavit and interrogatories will sufficiently show, that they are not so much wanting in point and directness as to subject them to the imputation of being in the nature of a *fishing bill;* but that they alledge the existence of a pertinent fact, which the defendant believes to be within the plaintiff's knowledge, and calls upon him to answer in respect to it.

Mallory v. Matlock, is unlike the present case. There it was determined that the refusal to allow interrogatories to be exhibited to a plaintiff at law under the statute, was a matter which did not enter into the judgment of the Court, and could not be revised on error; that if the defendant was prejudiced by their disallowance, he had his remedy by *mandamus,* or some other appropriate proceeding. Here the interrogatories were allowed, and Beadles required to answer them, within sixty days after being served with a copy. The Court expressly affirmed their pertinency, and could not force the defendant to receive answers irregularly verified, or insufficiently authenticated. The statute declares, that if the party to whom the interrogatories are propounded, shall fail to answer the same, or answer evasively, the Court may attach him, or compel him to answer in open Court, or it may continue the cause, and require more direct and explicit answers, or if the party to whom such interrogatories shall be propounded, be defendant in the action, it may set aside his plea or pleas, and give judgment against him, as by default; or if the plaintiff, may order his suit to be dismissed with costs, as shall in the discretion of the Court be deemed most just and proper.

Chandler v. Hudson, et al.

[Clay's Dig. 341, § 160.]    In the case cited, the Court refused to act ; here it acted so as to render it unnecessary for the defendant to file a bill for a discovery, and the error insisted on is, that it should have followed the act with the consequences which the statute visits upon a failure to answer according to its directions ; and this argument, we have seen, is well founded under the circumstances.

The Circuit Court could not regard the certificate and attestation of the individual who affirmed that the answers were made and verified before him, as a justice of the peace of Georgia.   It could know nothing of his official character, unless it was vouched by the proper evidence.   The testimony of a third person, that he had some time previously when in Georgia, heard it said that the person certifying the answers, was a justice of the peace, could not with propriety be received as evidence of the fact.

It would have been competent for the plaintiff, or his counsel, to have prayed a commission to some one designated therein to take his answers, as in other cases where depositions, or answers in Chancery are to be taken ; if that course had been adopted, the authority conferred by the commission would have been sufficient, and no inquiry would have been permitted, whether by the laws of Georgia, the commissioner was competent to administer an oath.

The declaration sets out the defendant's name at length, while the note adduced as evidence is subscribed with the initials only. We are inclined to think the note was sufficiently described to make it admissible, and that it should not have been rejected for the supposed variance.    But upon the point previously considered, the judgment is reversed and the cause remanded.