## Lung and Others *v.* Sims and Another.

In a suit by the assignee of a promissory note against the maker, an answer averring that the assignor is the real party in interest, without setting up facts to show such to be the case, is bad on demurrer; and interrogatories based upon such an answer will be struck out.

APPEAL from the *Carroll* Circuit Court.

Worden, J.—Action by the appellees against the appellants upon a promissory note made by the latter to *Conover* and *Kerns*, who indorsed it to the plaintiffs.

The defendants answered, amongst other things, as follows:

"2. And for further plea, the defendants say that *Cornelius Conover* and *George Kerns*, who assigned the said

note by the name of *Conover* and *Kerns*, are the real parties in interest, and should be made plaintiffs in this suit."

They also filed interrogatories requiring the plaintiffs to answer, and say—

1. What was the consideration given to *Conover* and *Kerns*, for the assignment of the note?

2. For what purpose was the note assigned to the plaintiffs?

3. Who are the real parties in interest in this suit?

4. Who will receive the proceeds of the judgment should one be obtained?

The Court sustained a demurrer to the answer above set out, and struck out the interrogatories.

Final judgment was rendered for the plaintiffs.

The ruling of the Court on the demurrer, and in striking out the interrogatories, is the only thing complained of as erroneous.

The ruling on the demurrer was correct. The answer set up no facts to show that the assignment of the note by the payees to the plaintiffs did not vest in them the real and beneficial interest in the note, even if such facts could be shown against the legal effect of the assignment. See *Garrison* v. *Clark*, 11 Ind. R. 369, and authorities there cited.

The interrogatories were correctly stricken out, because they were not relevant to any matter that was in controversy. The answer being held bad on demurrer, there was nothing left on which to base the interrogatories; and they could not be available as a kind of "fishing bill" to enable the defendant to prepare a better answer in the cause.

We see no error in the ruling of the Court, and the judgment must be affirmed.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*J. C. Applegate*, for the appellants.