# Culver, Admr., v. Alabama Midland Railway Co.

*Action by Administrator of Deceased Employee for Negligence Causing Death.*

1. *Care in selecting servants; when no defense.*—In an action by an employé under Code, § 2590, sub. 5, an employer is liable for an injury inflicted upon an employé by the negligence of a co-employé, when such negligence is within the provisions of the act, without reference to the care and diligence used by the employer in the selection of his servants.

2. *Specification of grounds of demurrer.*—Construing § 2690 of the Code, the court cannot consider any other grounds of demurrer than those distinctly specified.

3. *Propounding interrogatories to adverse party.*—Code, § 2816, contemplates the eliciting of legal evidence, and unsworn reports of an accident made subsequent thereto by an engineer and section foreman to a railroad company are *prima facie* inadmissible. Moreover, if the answer is evasive, it is discretionary with the court whether it will attach the party, continue the cause, or direct a non-suit, or judgment by default to be entered.

4. *Contributory negligence; opinion of expert.*—Under a plea of contributory negligence, averring that deceased, at the time of the accident, was standing in a dangerous proximity to a train, it is error to refuse to allow an expert to state his opinion that the distance at which the deceased was standing, was safe.

[Culver, Admr., v. Alabama Midland Railway Co.]

5. *Engineer; when superintendent and when not.*—While running an engine, and loading it with coal himself, an engineer has charge and control of it, as provided in Sub. 5 of Code, § 2590, but not a superintendence of it. He does control and superintend the fireman in matters relating strictly to his duties as fireman.

APPEAL from Dale Circuit Court.

Tried before Hon. J. R. TYSON.

This action was brought by the appellant as administrator of Virgil Mowdy, to recover damages from the appellee for causing his death. The substance of the various counts of the complaint is shown by the opinion. The defendant demurred to the 2d, 3d, 6th, 8th and 9th counts of the complaint, specifying as its ground of demurrer, that the counts failed to aver that the defendant did not use due care in selecting its servants, or that such servants were not fit or competent to discharge the duties for which they were employed. These demurrers were sustained. The first count of the complaint was stricken out without objection. To the other counts, pleas of not guilty, and of contributory negligence were interposed.

The evidence is sufficiently shown by the opinion. Upon its written request, the court gave the affirmative charge for the defendant. The plaintiff appealed, assigning as error the action of the lower court in matters passed upon in the opinion.

W. R. OLIVER, for appellant. The court erred in refusing motion of plaintiff for judgment based on evasive answer of defendant to interrogatories to it.—Code, § 2816; *L. & N. R. R. Co. v. Hale*, 91 Ala. 112.

The court erred in sustaining defendant's demurrers. *Mary Lee C. & I. Co. v. Chambliss*, 97 Ala. 171; *G. P. R. R. Co. v. Davis*, 92 Ala. 307; *Sledge v. Swift*, 53 Ala. 110. The giving of the affirmative charge was erroneous. 3 Brick. Dig. 109; *Dollins v. Pollak & Co.*, 89 Ala. 351; Whar. Neg. §§ 114, 116, 123, 127, 128.

A. A. WILEY, *contra.* Negligence will not be presumed from the facts of this case, and the burden is on plaintiff to show that the injury did not result from accidental causes. 55 Ill. 367; *Richards v. Rough*, 53 Mich. 212; *Western Ry. v. Mutch*, 97 Ala. 194; *Stiffen v. C. & N. Ry.*, 46 Wis. 259; *C. C. I. & St. L. R. R. v. Lang*,

[Culver, Admr., v. Alabama Midland Railway Co.]

38 A. & E. R. R. Cases 34; *T. R. W. Co. v. Brannard*, 75 Ind. 490; *Searls v. M. Ry. Co.*, 101 N. Y. 661; *Morrison v. Con. Co.*, 44 Wis. 405; *Schultz v. C. & N. W. R. R. Co.*, 28 A. & E. R. R. Cases 406.

The demurrers were properly sustained. *Smith v. L. & N. Ry. Co.*, 59 Ala. 245. The employers' Liability Act does not change the rule. *M. & B. Ry. Co. v. Holborn*, 81 Ala. 135.

COLEMAN, J.—The plaintiff's intestate received injuries while in the service of the defendant corporation from which he died, and this action was brought to recover damages resulting from his death. The court sustained demurrers to the 2nd, 3rd, 6th, 8th and 9th counts of the complaint, and its several rulings in this respect are assigned as error.

After averring the employment of the deceased, the second count avers that he was struck on the head and breast by an iron bar or scrape of great weight and size, which was negligently allowed to fall from defendant's locomotive engine, and that it fell by reason of the carelessness and negligence of the engineer in charge and control of said engine in this, that said engineer negligently and carelessly suffered said iron bar or scrape to fall from said engine. We are of opinion these averments bring the cause of action within the scope of subdiv. 5 of section 2590, of the Employers Liability Act. If there is any defect in the count, it is not reached by the ground of demurrer assigned. The employer is liable for an injury inflicted upon an employee by the negligence of a co-employee, when such negligence comes within the provisions of the Employees Act, and that without reference to the care and diligence used by the employer in the selection of his servants or employees. The employee's act, in no wise relieves the employer from the duty of selecting with reasonable care his servant. The act imposes a further liability, and makes him responsible for injuries sustained by an employee, in consequence of any neglect, by the employer or its servants, specified in the act itself. The court erred in sustaining the demurrer to the second count of the complaint.

Upon the same principle the court erred in sustaining the demurrer to the 3rd, 6th, 8th and 9th counts of the

complaint. Under the decisions of this court, construing section 2690 of the Code, we are not authorized to consider any other grounds of demurrer than those distinctly specified. *Cotten v. Rutledge,* 33 Ala. 110.

The case was submitted to the jury upon the 4th, 5th, 7th and 10th counts of the complaint. The cause of action in the 4th, 5th and 7th counts was laid under subdivision one of section 2590, which makes the employer responsible for injuries caused by reason of any defect in the condition of the ways, works, machinery, or plant, connected with or used in the business of the master or employer. The 10th count laid the cause of action under subdivision two of section 2590, and charged the injury to the negligence of some one in the service of the employer, who had superintendence intrusted to him, while in the exercise of such superintendence, and the case was tried upon the plea of the general issue, and the plea of contributory negligence, to these counts of the complaint.

The plaintiff filed interrogatories to the defendant under section 2816 of the Code, and before entering upon the trial, moved the court for judgment against the defendant, under section 2820 of the Code, on the ground that the answers were evasive, which motion was overruled. There were twenty interrogatores filed, to all of which, except three, the answers were full, clear and explicit. We have been unable to find any evasion as to any of the interrogatories. In the three interrogatories referred to, the defendant was asked, if there had been a written report made to the company, of the killing of the deceased, and if so to attach the report to the answer. The defendant answered that the engineer and section foreman (giving their names), made unsworn reports of the injury to the deceased, in accordance with the rules of the company, but such reports were made for the private information of the company, were its private property, and the defendant declined to attach the same to its deposition. Section 2816 of the Code of 1886, which authorizes either party to propound interrogatories to the adverse party, contemplates the eliciting of legal evidence, facts which tend to support the claim of the plaintiff or the line of the defense. Unsworn *ex parte* statements of persons not parties are mere hearsay and *prima facie* inadmissible.

[Culver, Admr., v. Alabama Midland Railway Co.]

These reports made subsequent to the injury, were not competent as original evidence for any purpose. The reason assigned for withholding the reports, may not have been sufficient, if the reports contained competent evidence, but the withholding of statements which were not admissible as evidence, gave the plaintiff no right to move for a judgment by default. Moreover had the answer been evasive, the statute gives the discretion to the court, "either to attach the party and cause him to answer fully in open court, or to continue the cause, until full answers are made, or direct a nonsuit, or judgment by default to be entered."—*Ex parte McLendon*, 33 Ala. 276; *Ex parte Grantland*, 29 Ala. 69. In the case before us it appears from the record, that the witness who answered the interrogatories, was present in court, was examined as a witness, and plaintiff offered and used his deposition as evidence. We find no error in the action of the court in this respect.

We are of opinion the court erred in refusing to allow the witness to answer that a distance of ten feet from a passing train was a safe distance for a section hand to stand while the train was passing. The defendant's plea of contributory negligence averred that deceased at the time of the injury, was standing in dangerous proximity to the moving train, &c. The witness was an expert, and competent to give an opinion. There was evidence tending to show that twenty feet would be safe. It was equally competent to show that the distance of ten would be safe. There was some evidence tending to show that deceased was about ten feet from the train when he was struck.

The court at its request instructed the jury to find the issue for the defendant, and this is assigned as error. There was no evidence tending to support the 4th, 5th and 7th counts of the complaint, and there was no error in the affirmative instruction, so far as the plaintiff's right to recover on these counts of the complaint. The plaintiff's cause of action contained in the 10th count requires a more extended consideration. The evidence tended to show that deceased was killed by the falling of an "ash-pan scraper" from the train as the train passed where the deceased was standing. The evidence showed that the coal rake, but a short time before, became useless, and that when this happens, it is customary and

proper to substitute the scraper for the coal rake. The purpose of the rake is to loosen the coal, and keep it from banking while burning. The scrape is to clean out the ash pan, when the train is not running. Both are necessary, and the rake is in very constant use. The fireman testified that in using the rake, one of the teeth was broken, and he substituted the scrape. Under all the evidence this was proper. The testimony shows that the proper place for the rake, or the scrape when used as a rake, is on the coal in the tender, just at the back of the fireman. It is the duty of the fireman to use both, and they are in his immediate charge. When not in use, there was a special place for the scrape on the tender of the particular train. In his deposition the witness Dunham testified that the "scrape could not have fallen if it had been in place, but is unable to say how it came to fall, unless the coal might have been piled up too high in the tender, and caused the scrape to slip off to one side." We are considering this particular evidence in connection with the affirmative charge, which ought not to be given, when there is any evidence from which a jury would be justified in arriving at a contrary conclusion. Issue was joined upon the 10th count. This count avers, that "the scrape fell from said engine by reason of the negligence of some person in the employment of the defendant, to whom the defendant had intrusted superintendence and control and charge of said engine and the fireman and appliances of said engine, and whilst in the exercise of that superintendence, negligently permitted and suffered an appliance necessary to and used on said engine   *   *   *   to be placed on said engine so that it fell from said engine, upon the person" of the deceased, &c. We are of opinion that there is evidence tending to show that the engineer has superintendence over the fireman and the loading with coal within the meaning of subdivision two of section 2590. While running the engine, performing the labor himself, he has charge and control of it, as provided in the 5th subdivision, but not a superintendence of it.— *Dantzler v. DeBardeleben Coal & Iron Co.*, 101 Ala. 309; *K. & M. R. R. Co. v. Burton*, 97 Ala. 240. He does control and superintend the fireman in matters relating to his duties strictly as fireman.

Was the tender properly loaded with the coal, or was

[City Council of Montgomery v. National Building and Loan Association.]

the "coal piled up too high which caused the scrape to slip off to one side," and if this be true, was there negligence in thus loading the tender, and if so was the negligence that of some one who had superintendence, while in the exercise of such superintendence. If the tender was properly loaded, and the scrape properly placed on top of the tender, where according to the evidence it should have been, and the falling was accidental, as according to some of the evidence might have been the case, we would say that plaintiff ought not to recover. On the other hand if the scrape fell off in consequence of the negligent loading with coal, and the negligence was that of some person having superintendence, and while exercising superintendence, and the plaintiff's intestate was not guilty of contributory negligence, the plaintiff would be entitled to recover. Whether the deceased was guilty of contributory negligence or not is a question of fact, to be determined by the jury.

For the errors pointed out, the case must be reversed. Reversed and remanded.