# Hunt *v.* Fidelity Mutual Life Insurance Co.

## *Libel and Slander.*

(Decided Feb. 26, 1910. 51 South. 1000.)

1. *Libel and Slander; Justification; Pleas.*—In an action for libel on account of a publication stating that the party libeled had been convicted of swindling, etc., a special plea setting up the truth of the publication and showing that plaintiff had been convicted, but which fails to allege that the conviction was valid, binding or conclusive, is insufficient.

[Hunt v. Fidelity Mutual Life Insurance Co.]

2. *Same; Plea.*—A plea in justification of libel and slander need not justify more of the charge than is actionable.

3. *Same; General Allegation.*—A plea of justification to an action in libel and slander should state specific facts showing under what circumstances and in what manner plaintiff had misconducted himself, and the matter set out in the plea should conform strictly to the matter alleged in the complaint, if it attempts to justify as a whole, and hence a general allegation that the publication or words alleged to be libelous are true, is not sufficient.

4. *Same; Justification; Complaint.*—Although the implication contained in the complaint rests in inference or is merely a legitimate conclusion from the facts alleged. a plea of justification thereto should show a state of facts to warrant the truth of the charge.

· 5. *Same; Privilege.*—Where the action was for libel in publishing in an insurance magazine that plaintiff had been convicted of swindling a special plea setting up that the defendant was a mutual life insurance company having no stockholders, its policy holders all being directly and pecuniarily interested in the profits and losses and that said magazine was mailed only to its policy holders, and was, therefore, privileged, is not subject to demurrer.

(McClellan, Mayfield and Evans, JJ., dissent in part.)

·APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by W. A. Hunt against the Mutual Fidelity Life Insurance Company. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

The complaint is in the following language: Count 1: "Plaintiff claims of the defendant the sum of $1,999.99 damages for falsely and maliciously publishing of and concerning him, in a printed circular, or printed paper, or printed bulletin, the following printed words, with intent to defame the plaintiff, viz.: 'The conviction of a swindler. William A. Hunter, alias Hunt, was convicted in the district court of Dallas, Texas, for swindling this company out of $31,000.00, policy and costs, through a bogus death conspiracy, and was sentenced to five years in the penitentiary. His sister, the beneficiary, citizens of Pecos City, Texas, the United States Circuit Court, a jury of twelve good and true men, and the Supreme Court of the United States held, against the company's contention, that the quick-

sands of Pecos river swallowed up the body of Hunter beyond discovery. The company, however, because of the disappearance of a handbag which had been part of Hunter's camping outfit, and one horse, who found his way through three gates, a distance of twelve miles, near a railroad station, and because he had been seen by two different persons after he was supposed to have been drowned, fought the case to final judgment, and paid the money. Seven years after the alleged drowning he was found under the name of Hunt. For a time he denied his identity; but the evidence was overwhelming, and on the trial of the case he admitted his identity. This case is again notice to the criminal class that the management of the Fidelity proposes to protect its policy holders against swindlers, and that no effort will be spared to punish them. The Weekly Underwriter of New York, in its issue of April 16, 1904, in commenting on the case, says: "It would have been easier to stop at the first cost, and saved that of punishing the wrong, and it has been admitted that companies are as a rule willing to save expense by compromising a claim which they believe to be crooked. But, to the everlasting honor of the Fidelity Mutual Life, be it known that it is not a company of that sort. In fighting a case of fraud to a finish, it has fought to discourage a growing industry of villainy in which the whole business of life insurance is concerned, and its courage and devotion to the cause should be appreciated" '—on, to wit, the 16th day of April, 1904. And plaintiff avers that the said words so printed, mailed, or circulated and read were false, scandalous, and defamatory libels, printed, published, mailed, and circulated wrongfully and maliciously by the defendant, and wished and intended to, and did, convey the idea that the plaintiff was dishonest, wanting in probity, untruthful, and was

wholly unfit and unworthy for his neighbors and friends to associate and communicate with, and that he was unreliable and untrustworthy, and by means thereof plaintiff has been greatly damaged and injured (stating how)." The other counts of the complaint are similar as to the matter published and as to the averment of damages. It averred that said matter was published in Birmingham, Ala., by the defendant, by mailing said quartely bulletin to policy holders of the defendant company, which such bulletin was received by such policy holders.

The pleas were as follows: Pleas 1, 2 and 3, The general issue. (4) "Defendant alleges that the matters and things published of and concerning the plaintiff as alleged in the complaint were true, for that on, to wit, the 9th day of April, 1904, the plaintiff was convicted in the district court of Dallas county, Texas, of the offense under the laws of that state of swindling or perpretrating a swindle upon this defendant, by means of which swindle defendant was deprived of the use of, to wit, $31,000, that being the amount of certain policies of life insurance issued on the life of the said William A. Hunter, together with interest thereon, and the costs of the court in suit instituted to recover the amount of the said policy, all of which was accomplished, as alleged in the indictment under which plaintiff was so tried and convicted, through and by means of a conspiracy on the part of plaintiff and others to claim or pretend that plaintiff was dead, when in truth and fact he was alive, and that, on conviction of plaintiff for said offense, plaintiff was sentenced to confinement at hard labor in the penitentiary of the state of Texas for the term of five years." (5) "Defendant alleges that the matters and things published of and concerning the plaintiff as alleged in the complaint were true, for that

on, to wit, the 9th day of April, 1904, plaintiff was convicted in the district court of Dallas county, Texas, of swindling, which was an offense under the laws of the state of Texas, it being alleged, in the indictment under which plaintiff was so tried and convicted, among other things, that plaintiff had conspired with others to pretend that he was dead, when in point of fact he was not in order to compel this defendant, or induce this defendant, to pay the amount of certain policies of insurance issued by the defendant on the life of plaintiff, and that by means of such false and fraudulent pretense defendant has been deprived of the use of the sum of $24,028.25, which is the amount of said policies of insurance, with interest thereon, besides the costs of a suit which had been instituted to recover the amount of said policy, it being shown that on said trial that the whole amount of which defendant was deprived was, to wit, the sum of $31,000, and afterwards on, to wit, the 8th day of June, 1904, plaintiff was sentenced to confinement at hard labor in the penitentiary in the state of Texas for the period of five years." (6) Similar to 5, except that it sets out the definition of swindling under the laws of the state of Texas. (7) "Defendant alleges that it made publications complained of in a certain bulletin or newspaper which defendant is accustomed to publish every three months for circulation among its policy holders; that having no stockholders, its policy holders all being directly and primarily interested in the profits and losses of defendant, and in the conduct of the affairs of the company; that said bulletin in which said publication was made was furnished by defendant only to its said policy holders, and was therefore a privileged communication, and that said publication is made without malice on the part of the defendant towards the plaintiff, and in the belief on the part

[Hunt v. Fidelity Mutual Life Insurance Co.]

of the defendant that the publication was true." (8)
"Defendant alleges that said publication was privileged,
and was made under the following circumstances: "De-
fendant is a mutual life insurance company, having no
stockholders, all its policy holders being directly and
primarily interested in the profits and losses of said
company and in the conduct of the affairs of the com-
pany; that defendant is accustomed to issue a quarterly
bulletin for circulation among its policy holders; and
that said publication was made in said bulletin for in-
formation of said policy holders, without malice tow-
ards the plaintiff, and said bulletin is furnished by the
defendant to its policy holders only. And said publi-
cation was made in the belief on the part of the defend-
ant that it was true." Pleas 4, 5 and 6 were afterwards
amended so as to show that the district court of Dallas
county had jurisdiction of the person and the offense,
and by setting up, further, that the plaintiff was found,
seven years after the alleged drowning, under the name
of Hunt, and that he denied his identity; but the evi-
dence was so overwhelming that he finally admitted his
identity.

ROBERT N. BELL, for appellant. The precise language
and the whole of it must be justified by the plea and
must be alleged to be true, and the plea must be as
broad as the charge made in the complaint.—*Hereford
v. Crooms*, 136 Ala. 378; 13 W. Va. 158; 10 Vt. 353; 67
Ind. 535; 16 Wend. 601; 11 Johns. 573; 13 Ill. 329; 47
N. Y. 403; 12 Conn. 462; 33 Mich. 348; 37 Minn. 285;
Townsend on Libel & Slander, sec. 213. The mere as-
sertion by the plea that the averments of the compliant
as published is true, is not sufficient.—*DeArman v.
Armstrong*, 37 Ind. 35; *Adeberry v. Powell*, 77 Am. Dec.
579; *Kerr v. Force*, 3 Cranch. C. C. 8. The facts set

up in pleas 7 and 8 did not render the publication privileged.—*Cooper v. Phipps*, 22 L. R. A. 836; *Grant v. Hayes*, 54 L. R. A. 930; see also 143 Am. St. Rep. 768; 22 Am. St. Rep. 870; 83 Pac. 131.

CABANISS & BOWIE, for appellee. A justification pleaded must be as broad as the charge which it seeks to justify, but it is not necessary to justify words which are not actionable, nor epithets, nor terms of abuse which do not add to or sustain the charge. The plea need not and should not go further than the charge.— 13 Ency. of Pl. & Pr. 84-5; *Cooper v. Lawson*, 8 Ad. & El. 746; *Edwards v. Bell*, 1 Bing. 403; *Morrison v. Harmer*, 32 E. C. L. 320; *Skinner v. Grant*, 12 Vt. 456. A plea of privilege is sufficient if it sets up a lawful occasion, belief in the matter charged and want of malice. —13 Ency. of Pl. & Pr. 88. Where a party makes a communication, and such communication is prompted by a duty owed either to the public or to a third party, or the communication is one in which the party has an interest and it is made to another having a corresponding interest, the communication is privileged if made in good faith and without actual malice.—*Broughton v. McGrew*, 39 Fed. 672; *Rotholz v. Dunkle*, 26 Am. St. Rep. 432; *Scullin v. Harper*, 78 Fed. 460; *Lock v. Bradstreet*, 22 Fed. 772; *Coogler v. Rhodes*, 56 Am. St. Rep. 170; *Klinke v. Colby*, 46 N. Y. 433.

MAYFIELD, J.—This was an action of libel. The original complaint contained three counts. Each set out the alleged libelous publication. Demurrers to the complaint were overruled, and the defendant filed eight pleas. The first three set up the general issue. The others were attempts to set up justification, the truth of the matter published, and that its publication was

[Hunt v. Fidelity Mutual Life Insurance Co.]

privileged. The special pleas were several times amended; demurrers being interposed after each amendment. Finally the defendant withdrew the pleas, setting up the general issue, and relied solely upon the special pleas. Plaintiff's demurrers being overruled as to each of the special pleas, he then filed special replications to each of the special pleas, to each of which demurrers were sustained. Plaintiff then declined to plead further, and suffered judgment. From this judgment he now appeals, assigning as error the sustaining of demurrers to his special replications.

The pleas of justification were insufficient. While they attempt to justify as to the whole of the publication declared on, the only facts alleged are that plaintiff was indicted in the state of Texas for swindling (setting out some of the allegations contained in the indictment, which are not all the matters contained in the publication or declaration that are libelous, but only a part thereof), and that on the trial upon this indictment plaintiff was convicted. The pleas do not allege that these matters set out therein were true, or that the judgment of conviction was valid, binding, or conclusive. To be sufficient, the pleas must set forth facts or matters sufficient to show that publication and the matters alleged in the complaint or declaration as libelous were not libelous, but were true. If the plaintiff had been indicted and convicted of the offense charged, this would be competent evidence to prove a proper plea of justification; but to merely allege that he had been indicted therefor, or that he had been convicted therefor, without alleging that the judgment was valid, binding, or conclusive, is not sufficient. An indictment and conviction, which was invalid and void, might be a part of defendant's scheme and plan to libel the plaintiff.

A person who libels or slanders another cannot justify by having the person libeled indicted and convicted, if the prosecution and conviction is void. It must be valid, binding, and conclusive, in order to be sufficient. If the prosecution was instituted, and procured by the defendant, and it resulted in a judgment of conviction which was void, it would aggravate, rather than justify. A plea of justification, alleging the truth of libelous matter, may serve to aggravate the damages, if the defendant fails to prove it. The pleas of justification should have alleged that the judgment of conviction was valid, binding, or conclusive. It would have been a better form of pleading for the pleas to set out the facts and allege that they were true, and then the indictment and conviction would have been competent evidence to prove the plea.

A plea of justification, in actions of libel and slander, must justify the words or publication alleged or complained of, or so much of them as is actionable. It is not sufficient to justify similar words or publications. However, the substance of the defamatory matter is all that is required; but the substance, its character, and imputation must be justified.—25 Cyc. 459; 13 Ency. Pl. & Pr. 84, 85. The justification must always be as broad as the charge attempted to be justified. However, it need go no further than the charge, and need justify only so much thereof as is actionable.—Town. on Slander and Libel, 212, 213. A plea of justification in libel or slander should state specific facts, showing in what instances and in what manner plaintiff has misconducted himself. The matter set out in the plea should be strictly conformable to the matter alleged in the complaint or declaration. If it attempt to justify as a whole, it must not be confined to a part only.

Though the imputation contained in the complaint rest in inference, or is a legitimate conclusion from facts alleged, a plea of justification should show a state of facts which will warrant the truth of the charge. —Newell on Def., Slan. & Lib. 651, 652. The precise charge must be justified, and the whole of the precise charge. Every fact stated must be proven true, unless it is immaterial. A general allegation that the publication or words are true is insufficient.—Odgers on Libel & Slander, 418, 419, 495, 486. None of the pleas of justification were sufficient.

DOWDELL, C. J., and SIMPSON, ANDERSON and SAYRE, JJ., a majority of the court, hold and decide that the pleas which attempted to set up the defense that the publication was privileged were sufficient, and not subject to the demurrer.

McClELLAN, MAYFIELD, and EVANS, JJ., are of the opinion that the publication was in no sense privileged; it conveyed no necessary information to any one; it was published in a form and in a manner to reach the public; it was clearly not intended to be private, but was intended for the public; it was in no sense confidential or privileged; and the pleas set up no facts sufficient to show the contrary.

If this publication had been by letter from this company to its agents or policy holders, for the purpose of detecting the fraud or convicting the offender, or protecting them in the affairs of the company, it might be privileged; but it shows on its face that it was issued as an advertising bulletin, and intended for the public. It has none of the essential elements of privileged matter, except the conclusion of the pleader, and that it is alleged that it was sent to its policy holders. The publication shows on its face that it was intended for the public, one clause thereof reading as follows: "This

case is again notice to the criminal class that the management of the Fidelity proposes to protect its policy holders against swindlers and that no effort will be spared to punish them." A mere boast and advertisement, intended for the public, to give publicity to that case, and to notify the criminal class of the ability and determination of that company to prosecute and convict them.

A plea of privileged communication must show that the publication or communication was made in good faith, and thus rebut the presumption of malice. It must show that the defendant was under some obligation to communicate or publish, and the mode and style of the communication must rebut malice. The fact must be free from any circumstances showing malice; that is to say, a plea setting up a conditionally privileged publication, as this attempts to do, must show that on the occasion and in the manner the publication was made it was not malicious—must rebut the prima facie presumption of malice which arises from a publication of per se libelous matter.—Townsend on Slander & Libel, § 209, p. 296 et seq.; Odgers on Libel & Slander, p. 484; *Bradstreet v. Gill,* 72 Tex. 115, 9. S. W. 753, 2 L. R. A. 405, 13 Am. St. Rep. 768; *Kent v. Bongartz,* 15 R. I. 72, 22 Atl. 1023, 2 Am. St. Rep. 870; *Grant v. Haynes,* 105 La. 304, 29 South. 708, 54 L. R. A. 930; *Holt v. Parsons,* 23 Tex. 9, 76 Am. Dec. 51; *Barrows v. Bell,* 7 Gray (Mass.) 301, 66 Am. Dec. 479. A mere conclusion of the pleader to that effect is not sufficient. The facts averred do not support the conclusions of the pleader.

The minority are of the opinion that pleas 7 and 8 were bad, and that the demurrers thereto should have been sustained. It is unnecessary to now pass upon the demurrers to the replications setting up justification;

that is, the truth of the publication, as to which we hold the demurrers should have been sustained.

The replications are addressed to all the special pleas—those setting up justification, in that the publication was true, and also those setting up privileged publication; but few of the replications are apt, as replies to the pleas setting up the privileged publication, and those that are apt do not answer the whole of either plea, but only a part thereof, yet they are intended as answers to the whole of each plea. For that reason they were bad, and the demurrer taking this point was, therefore, properly sustained.

For the error in sustaining the demurrers to the pleas setting up the truth of the publication, the judgment is reversed, and the cause remanded.

Reversed and remanded. All Justices concur in the reversal. DOWDELL, C. J. and SIMPSON, ANDERSON, and SAYRE, JJ., however, do not concur in what is said as to the sufficiency of the pleas setting up privileged publication, but hold these pleas to be sufficient, and not subject to the demurrer. McCLELLAN, MAYFIELD, and EVANS, JJ., dissent from the decision of the majority as to the sufficiency of the pleas setting up privileged publication.

