(97 South. 631)

### COLLINS v. MOBILE & O. R. CO.
### (2 Div. 797.)

(Supreme Court of Alabama.   June 30, 1923.
Rehearing Denied Oct. 18, 1923.)

I. **Appeal and error** ⟸1043(6)—**Failure to compel answers to interrogatories reversible error.**

Under Code 1907, §§ 4049, 4055, providing that, when the answers to interrogatories are not full or are evasive, the court may either attach the party and cause full answer to be made in open court, or tax him with costs and continue the cause until full answer is made,

or direct a nonsuit or judgment by default or enter an appropriate decree, the failure of the court to compel answers to pertinent interrogatories calling for information material and necessary to plaintiff's case is reversible error.

**2. Insurance ☞606(I)—Settlement by railroad with insured held no defense to insurer's action as subrogee and assignee for loss paid.**

Under Code 1907, § 5159, permitting claims against railroad companies for injury to property to be assigned, and authorizing suit by assignee thereon, settlement by the railroad company of its liability to the owner for damage negligently caused by fire when the company knew the property was insured and the insurance was in process of adjustment was no defense to the insurer's action against the railroad as subrogee and under written assignment from the insured, for the loss paid under the policy.

**3. Insurance ☞606(I)—Refusal of instruction defining railroad's liability to insurer held erroneous.**

In insurer's action brought in the name of insured to recover as subrogee and assignee from defendant railroad the amount of fire loss paid insured, the refusal of an instruction correctly explaining the rule of defendant's liability, and stating that a settlement between defendant and insured was no defense, held erroneous.

On Rehearing.

**4. Appeal and error ☞520(2)—Interrogatories and answers part of record proper.**

Under Gen. Acts 1915, p. 598, interrogatories filed under Code 1907, §§ 4049, 4055 providing for discovery at law, together with answers made thereto, are part of the record proper on appeal.

**5. Discovery ☞41—Interrogatories calling for ex parte statements and reports not pertinent. ,**

In an action by insurance company against railroad to recover fire loss paid insured, there was no error in refusing to compel answers to interrogatories calling on defendant to attach copies of correspondence and reports passing between defendant's officers, investigators, and employees relative to the fire; the documents called for being prima facie inadmissible as ex parte, hearsay statements, and the interrogatories therefore not pertinent.

**6. Discovery ☞41—Interrogatories propounded by insurer in fire loss action against railroad with reference to defendant's settlement with insured held pertinent.**

In an action by an insurance company against railroad company for fire loss paid insured, in which defendant's liability and its knowledge or notice of the insurance before it made settlement with insured were material issues, interrogatories requiring defendant to attach copies or state the substance of drafts, checks, releases, receipts, or other documents involved in such settlement were pertinent as declarations affecting its liability for negligence and its notice of the insurance, and answers thereto should have been compelled.

**7. Discovery ☞70—Interrogatories embracing immaterial matters not excuse for failure to answer separable pertinent inquiries.**

In an action by an insurance company against railroad company for fire loss paid insured, that the interrogatories calling for copies, or in the alternative for the substance, of correspondence, reports, and other documents, embodied objectionable inquiries concerning immaterial matters, was no reason for refusal to answer the material inquiries, where the pertinent and immaterial matters were not so blended or interdependent as not to be separable in the preparation of answers.

**8. Discovery ☞70—Whether interrogatories competent a matter for court.**

Whether interrogatories are competent is a matter for the court, and not for the party to whom they are directed.

**9. Discovery ☞41—Interrogatory as to engine causing fire pertinent, but as to other engines not material.**

In an action by an insurance company against railroad to recover for fire loss paid insured, an interrogatory relating to the identity of the engine causing the fire should have been answered, but there was no improper failure to answer interrogatories inquiring of other trains and their crews at other times of the day; such not being pertinent.

**10. Discovery ☞41—Interrogatory as to repairs after injury held not relevant.**

Where defendant's engine set fire to a building insured by plaintiff, an interrogatory relating to any repairs or changes in the spark arrester since the fire was not relevant.

**11. Discovery ☞70—That motion to require answer to interrogatories included some which were not pertinent held not to warrant court in refusing to compel answers to proper interrogatories.**

Where of the interrogatories not answered some were pertinent and others immaterial, that the plaintiff's motion to require the defendant to answer embraced them all, designating them by number, and his motion for continuance was because of failure to answer "said interrogatories," held not to warrant the court's refusal to require answer to such interrogatories as were pertinent.

Appeal from Circuit Court, Bibb County; S. F. Hobbs, Judge.

Action by W. P. Collins, individually and for the use of the Pennsylvania Fire Insurance Company, against the Mobile & Ohio Railroad Company. From a judgment for defendant, plaintiff appeals. Reversed and remanded. ·

Interrogatories 2, 3, 4, 5, 7, 8, and 9, propounded by plaintiff to defendant,. are as follows:

"State the names and addresses and present whereabouts of each one of the defendant's agents, servants, or employees which operated trains on defendant's railroad and which passed Lawley, Ala.. on July 11, 1920.

"If you are not able to give the address and present whereabouts of any one of said agents, servants, or employees, then state whether they or any of them are in your employ, and, if so, where, and, if not in your employ, when they were last in your employ and at what point.

"State the number of the defendant's train and the number of the locomotive drawing the same which passed the store of W. P. Collins at Lawley, Ala., just before said store caught fire and was burned on July 11, 1920, and also state the names, addresses, and present whereabouts of each member of the crew which operated said train, including especially the engineer, fireman, flagman, and brakeman.

"State whether said engine is still being operated by you, and, if so, where the same is at the time of answering these interrogatories.

"Attach to your answer hereto either the original or true copies of all correspondence which passed between officials of the defendant and its claim agent and other persons who investigated said fire on behalf of the defendant and the agents, employees, and servants who operated said train, which passed said store immediately before said fire, with reference to said fire, and the claim of said Collins and the settlement made by the defendant with said Collins, together with the original or true copies of all reports made to the defendant by any of its agents, servants, or employees with reference to said fire and said claim of W. P. Collins and the settlement of said claim and also the original or a true copy of the draft or check given to said Collins, on account of said claim and of the receipt or release taken by the defendant from said Collins on account thereof.

"Have you attached each of the said documents above inquired about, and, if you have not, then state specifically as to each one where it is and why you have not attached it, and, as to any which are not attached, give a description thereof and state the substance of its contents.

"If the engine of the defendant which passes said store immediately before said fire has been repaired since that time, and especially if anything has been done with reference to placing any or repairing a spark arrester in said engine, then state when and where said repairs were made and the names and addresses and present whereabouts of each person who participated therein, and if the defendant has any record showing what repairs were made on said engine since said fire, attach hereto the original or a copy thereof."

Jerome T. Fuller, of Centreville, and Ball & Beckwith, of Montgomery, for appellant.

The insurance company became subrogated to Collins' claim against the railroad company, and it was not necessary that it have an assignment or subrogation agreement. So. Ry. v. Stonewall Ins. Co., 163 Ala. 161, 50 South. 940; Coffman v. L. & N., 184 Ala. 474, 63 South. 527; Wyker v. Texas Co., 201 Ala. 584, 79 South. 7, L. R. A. 1918F, 142; Brighthope v. Rogers, 76 Va. 443. A release given by the insured to the wrongdoer cannot be set up as a defense to an action by the insurer. Hart v. Western, 13 Metc.

(Mass.) 99, 46 Am. Dec. 719; Home Ins. Co. v. West Tr. Co., 33 How. Prac. (N. Y.) 102; Monmouth Ins. Co. v. Hutchinson, 21 N. J. Eq. 107; Conn. Ins. Co. v. Erie, 73 N. Y. 399, 29 Am. Rep. 171; Pittsburgh v. Home Ins. Co., 183 Ind. 355, 108 N. E. 525, Ann. Cas. 1918A, 828; Vance on Ins. 426; 5 Cyc. 960; Ivy Coal Co. v. Long, 139 Ala. 535, 36 South. 722; Lehman v. McQueen, 65 Ala. 570; Barbour v. Washington Ins. Co., 60 Ala. 433; Steele v. Thompson, 62 Ala. 323. Proof that property was destroyed or damaged by fire having escaped from a passing engine is prima facie evidence of negligence in construction or management of the engine, and casts on defendant the burden to rebut. L. & N. v. Malone, 109 Ala. 509, 20 South. 33; L. & N. v. Marbury, 125 Ala. 237, 28 South. 438, 50 L. R. A. 620; L. & N. v. Marbury, 132 Ala. 520, 32 South. 745, 90 Am. St. Rep. 917; Coffman v. L. & N., supra; So. Ry. v. Dickins, 161 Ala. 144, 49 South. 766.

Foster, Verner & Rice, of Tuscaloosa, and Lavender & Thompson, of Centreville, for appellee.

Neither the interrogatories nor the answers are set out in the bill of exceptions, and appellant's assignments of error based thereon should not be considered. Jones v. Manier, 102 Ala. 676, 15 South. 437; Bostwick v. Beach, 18 Ala. 80. Appellee was under no legal duty to give information as to the matters inquired about in the interrogatories. Culver v. Ala. Midland, 108 Ala. 330, 18 South. 827; Russell v. Bush, 196 Ala. 309, 71 South. 397. Montgomery L. & T. Co. v. Harris, 197 Ala. 358, 72 South. 619. All the interrogatories, failure to answer which was made the basis of appellant's motion, were included conjunctively in the same motion, and, if any single interrogatory called for immaterial testimony, the trial court was justified in overruling the motion. Russell v. Bush, supra.

THOMAS, J. The trial was had on original count 1 and amended counts 2 and 3. The defendant pleaded the general issue with leave to give in evidence any matter which would be admissible if pleaded, and with like leave on the part of plaintiff to so reply. Tenn. Valley Bank v. Valley View Farm et al., ante, p. 123, 97 South. 62.

Count 1 claimed damages for the negligence of defendant in setting fire to and destroying Collins' buildings and contents to the injury of Collins, and that said property was insured by the Pennsylvania Fire Insurance Company against loss or damages to the extent of the amount averred to have been paid by that insurance company to assured. Thus was the right of recovery rested upon subrogation, independent of any subrogation receipt or assignment of claim by the assured. The third count adopts the averments of the second count, and concludes with the aver-

ment that Collins had transferred and assigned to the Pennsylvania Fire Insurance Company the insurance on which suit is brought for damages claimed in the destruction of the insured property. The extent or amount of insurance was specifically indicated and averred to have been paid to assured by the insurance company.

[1] Before entering upon the trial, plaintiff called the court's attention to interrogatories propounded under the statute, that there was failure in answers, and moved the court to require the defendant to answer all interrogatories (and specifically Nos. 2, 3, 4, 5, 7, 8, and 9), which motion the court overruled, and plaintiff duly excepted. The motion was in proper form. If the failure was of matter required by the statute the court may (1) attach the party and cause full answer to be made in open court, or (2) tax him with costs and continue the cause until full answer is made, or (3) direct a nonsuit or judgment by default, or enter an appropriate decree. Code 1907, § 4055; Russell v. Bush, 196 Ala. 309, 317, 71 South. 397.

The bill of exceptions recites:

"The plaintiff having filed in said cause certain interrogatories to be answered by the defendant as required by the statute, moved the court to require the defendant to answer all the interrogatories propounded by him to the defendant on July 15, 1921, which had not already been answered by the defendant, said interrogatories and said answers being on file and made a part of the record in this cause, but the court overruled said motion, and to said ruling the plaintiff then and there duly and legally excepted.

"The plaintiff then moved the court to require the defendant to answer interrogatories numbered 2, 3, 4, 5, 7, 8, and 9, being part of the interrogatories above referred to which had not been answered by the defendant, but the court overruled said motion, and to said action the plaintiff then and there duly and legally excepted.

"The plaintiff then moved the court to grant him a continuance on the ground of the failure of the defendant to answer said interrogatories and the refusal of the court to compel the defendant to answer them and excepted, but the court overruled said motion, to which action the plaintiff then and there duly and legally excepted."

The matter for which statutory discovery was thus sought was highly important in the preparation of plaintiff's case, and answers should have been compelled, as provided and required by statute. Russell v. Bush, supra. For the failure of the court to compel compliance with the statutory methods (Code, § 4049) to secure the important information sought by plaintiff, the judgment of the circuit court will be reversed.

[2, 3] Since the cause will be retried, it is well to note plaintiff's request in writing for the following charge, which was refused:

"The court charges the jury that when the Pennsylvania Fire Insurance Company paid said Collins the $3,500 insurance, it immediately became entitled to the first $3,500 of any claim or demand he had, if any, against the defendant, arising out of the destruction of the insured property, and any settlement made between said Collins and defendant thereafter would not prevent plaintiff from recovering herein if he was otherwise entitled to recover."

The charge assumes the undisputed fact that the insurance company paid Collins the $3,500, and that when so paid the insurance company became entitled to such amount of Collins' claim (if such he had) against the defendant. This was true as a matter of law and under the subrogation agreement and assignment in evidence. If the liability of defendant had been merely $3,500, the insurance company would have been entitled to all of it, and, if less than that amount, to such sum. If there was liability on the part of the defendant company other than the $3,500 paid by the insurance company, the former company, knowing of the insurance and of such adjustment and settlement, was primarily liable to the insurance company on the subrogated contract. The charge merely sought to instruct the jury that any settlement made by Collins with the railroad company without the assent and concurrence of the insurance company would not prevent Collins (for the use of the Pennsylvania Fire Insurance Company) from recovering in a suit in its behalf, if otherwise entitled to recover. This was a proper explanatory charge in view of the evidence that, after the payment to the insured of the amount of the insurance and the assignment of his claim for such amount to the insurance company, the former made settlement with the railroad company of his claim.

In Southern Ry. Co. v. Stonewall Ins. Co., 163 Ala. 161, 164, 50 South. 940, this court said:

"* * * Without any statute, the insurance company, on paying the insurance for the property insured and alleged to have been tortiously destroyed by the railroad company, would be subrogated to the rights of the insured or owners of the property, against the railroad company, if any there were, to make good its loss, and could certainly sue in its own name, or in the name of the insured, for its use."

See, also, Coffman v. L. & N. R. R. Co., 184 Ala. 474, 480, 63 South. 527; Wyker v. Texas Co., 201 Ala. 585, 79 South. 7, L. R. A. 1918F, 142. The principle on which such authorities rest is that the insurer and insured are considered as one person, and the distribution of the proceeds is a matter wholly between the insurer and insured (Long v. K. C. M. & B. R. R. Co., 170 Ala. 635, 54 South. 62), and does not concern the wrongdoer or furnish him with a defense (Coffman v. L. & N. R. R. Co., supra; Wyker v. Texas Co., supra). See, also, Brighthope v. Rogers,

76 Va. 443, 448; Hart v. Western, 13 Metc. (Mass.) 99, 46 Am. Dec. 719; Home Ins. Co. v. Western Transportation Co., 33 How. Prac. (N. Y.) 102.

A statutory provision (Code, § 5159) is that claims against railroad companies for injury to property may be assigned in writing, and each successive assignee thereof may sue thereon in his own name. Parnell v. Southern Ry. Co., 199 Ala. 470, 74 South. 437. When the settlement was made by defendant with Collins for his damages, it was with a knowledge of the foregoing statute, the existence of the insurance, and that an adjustment of the insurance was being made. Under such circumstances, given in evidence, the charge should have been given at plaintiff's request.

The other questions presented may not occur on another trial when all the facts are presented pursuant to the discovery sought.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.

### On Rehearing.

THOMAS, J. [4] Interrogatories filed by plaintiff were under the statute that provided for a discovery at law. The same, with such answers that were made, were parts of the record proper.

The case of a judgment or ruling on the answer of garnishee, made the subject of the earlier decisions of this court, is different from the instant case. In Jones v. Manier, 102 Ala. 676, 15 South. 437, the consideration of this court was declined for the failure to make the same a part of the bill of exceptions; and in Bostwick & Kirkland v. Beach, 18 Ala. 80, the declination was to render judgment against the garnishee on his answer, and it was rested on the fact that judgment against the "defendant in attachment" had not been rendered.

The later decisions recognize the right of the garnishee to file his answer in writing, and held that where so filed it was considered "as a part of the record of the lower court, without any reference to it in the judgment entry." First Nat. Bank v. Dimmick, 177 Ala. 571, 58 South. 658. All motions made in writing in the circuit court in any proceeding at law upon appeal become a part of the record. Gen. Acts 1915, p. 598; Stover v. State, 204 Ala. 311, 85 South. 393; Eutaw Ice, etc., Co. v. McGee, 17 Ala. App. 18, 81 South. 354. On the original hearing we had recourse to the interrogatories and answers on file, for an understanding of the rulings of the court on the motions, to which exceptions were reserved.

[5] There was a failure to answer certain of the interrogatories indicated. Though they were numbered, they related apparently to the general subject inquired about. The seventh and eighth interrogatories called for two classes of information: (1) The private correspondence and reports (indicated) relating to the investigation of the fire on behalf of defendant by its agents; and (2) that of the settlement made by defendant and the assured.

In Culver, Adm'r, v. A. M. Ry. Co., 108 Ala. 330, 333, 334, 18 South. 827, 830, this court said of the statutes in question (Code 1907, §§ 4049, 4057; Code 1886, §§ 2816–2820):

"Unsworn ex parte statements of persons not parties are merely hearsay and prima facie inadmissible. These reports made subsequent to the injury, *were not competent as original evidence for any purpose.* The reason assigned for withholding the reports, may not have been sufficient, *if the reports contained competent evidence, but the withholding of statements which were not admissible as evidence,* gave the plaintiff no right to move for a judgment by default." (Italics supplied.)

The declaration contained in Montgomery Light & Traction Co. v. Harris, 197 Ala. 358, 359, 72 South. 619, was merely that interrogatories propounded to an adverse party in a civil suit must be pertinent to the issues or the matter in dispute between the parties to be of statutory requirement for answer. These authorities have application to the first class of documents inquired about.

[6-8] Inspection of interrogatories 7 and 8 discloses that the same are material and pertinent to the issues being tried: (1) Whether there was liability on defendant's part; and (2) whether defendant had knowledge or notice of the insurance. Cain Lumber Co. v. Standard Dry Kiln Co., 108 Ala. 346, 18 South. 882. Hence the pertinent inquiry of the nature of the payment, and contents of the receipt and release taken on the settlement with Collins. It was also competent to require a description of such lost or destroyed documents, if such had caused the failure to attach, and the substance of their contents. Potts v. Coleman, 86 Ala. 94, 100, 5 South. 780; Goodall-Brown & Co. v. Ray, 168 Ala. 350, 53 South. 137. The evidence sought was of a declaration affecting defendant's liability for negligence, and of its notice, or the lack thereof, of insurance before settlement with Collins. The material and immaterial matters inquired about and designated in subdivision 7 are not so blended or interdependent as not to be separable in the preparation for and the making of answer under the statute to such of the interrogatories as are pertinent. Sparks v. J. S. Reeves & Co., 165 Ala. 352, 51 South. 574. Whether they are competent is a matter for the court, and not for the party. Southern Ry. Co. v. Bush, 122 Ala. 472, 26 South. 168; L. & N. R. R. Co. v. Hall, 91 Ala. 118, 8 South. 371, 24 Am. St. Rep. 863; Calhoun v. Thompson, 56 Ala. 166.

[9] There was no improper failure to answer interrogatories 2 and 3, inquiring of other trains passing Lawley at other times; this inquiry was not pertinent to the issue. Head v. Robinson, Norton & Co., 191 Ala. 352, 67 South. 976.

Interrogatory 4 was answered at the trial in response to the order of the court. The date of service of a copy of the interrogatories on defendant is not indicated by this record. The motion for a continuance did not acquaint the trial court of that date under the provisions of section 4055 of the Code. It is true the provisions of the statute had for its purpose a discovery to aid in the preparation for the trial.

Interrogatory 5 should have been answered. The identity of the engine causing the fire should have been disclosed.

[10] Interrogatory 9 was declined of answer "on advice of counsel." In Alabama, etc., Co. v. Heald, 154 Ala. 580, 595, 45 South. 686, 690, this court said:

"The trial court erred in permitting the plaintiff to prove that immediately after the death of the intestate the defendant placed in the mine certain water pipes. Going v. Ala. Steel & Wire Co., 141 Ala. 537, 37 South. 784; 1 Wigmore on Evidence, § 283."

The case of Going v. Ala. Steel & Wire Co., 141 Ala. 537, 551, 37 South. 784, 789, decided that there was no error in excluding evidence that—

"After the injury to plaintiff some other appliance * * * was used. As an independent fact to prove negligence in using the flat stick at the time of the accident the fact was not competent, and the witness had not testified on his direct examination to any fact or opinion which could form a predicate for this proposed evidence on his cross-examination."

This rule was followed in Bedgood v. T. R. Miller Mill. Co., 202 Ala. 299, 301, 80 South. 364; Burnwell Coal Co. v. Setzer, 191 Ala. 398, 67 South. 604; Porter v. T. C. I. & R. Co., 177 Ala. 406, 59 South. 255. There was no error in declining to answer that interrogatory.

[11] We do not think the fact that the plaintiff moved the court to require the defendant to answer interrogatories 2, 3, 4, 5, 7, 8, and 9, and made the motion for a continuance, on the ground of the failure of the defendant to answer "said interrogatories," brought the ruling within the rule applied in Russell v. Bush, 196 Ala. 309, 71 South. 397. The statutory duty of the defendant was to fully and truly answer all proper interrogatories.

The rehearing is denied.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.