(135 So. 337)

## Ex parte NOLEN.

### 6 Div. 900.

Supreme Court of Alabama.

June 11, 1931.

W. A. Denson, of Birmingham, for petitioner.

Coleman, Coleman, Spain & Stewart, of Birmingham, for respondent.

GARDNER, J.

■ Petitioner has an action pending seeking damages in counts of slander and libel. J. Hudson Barker was one of the defendants in said cause to whom petitioner submitted a large number of interrogatories under the statute. Section 7764 et seq., Code 1923. A number of these he declined to answer, and upon motion in the trial court his refusal to do so was sustained. Petitioner has pursued the proper remedy by mandamus for a review of this ruling. Ex parte State ex rel. Tuck, 217 Ala. 143, 115 So. 155; Ex parte State ex rel. St. Peters M. Baptist Church, 212 Ala. 365, 102 So. 793.

■ It is contended for respondent that the complaint is subject to demurrer, and that interrogatories will not be required to be answered under such condition, citing 18 Corpus Juris 1104; Lung v. Sims, 14 Ind. 467. But these authorities relate to a ruling sustaining a demurrer, and in answer to which no amendment was filed.

Conceding, without deciding, that the complaint is subject to demurrer, yet a cause of action is found stated, and there has been no ruling on demurrer, and, indeed, the proceedings here fail to disclose that a demurrer has been interposed.

■ As to the merits of the case, it has been held that a defendant will not be compelled to disclose his witnesses nor his evidence (Montgomery Light & R. R. Co. v. Harris, 197 Ala. 358, 72 So. 619), nor will the interrogatories be permitted to serve as a mere fishing expedition (Chandler v. Hudson, 8 Ala. 366), and that the evidence called for must be legal, competent evidence in the cause. Culver v. Ala. Midland Ry. Co., 108 Ala. 330, 18 So. 827; Collins v. Mobile & Ohio R. R. Co., 210 Ala. 234, 97 So. 631; Sibley v. Hutchison, 218 Ala. 440, 118 So. 638.

■■ Guided by these rules, we consider the interrogatories in the manner of their presentation in brief. Barker had stated he was president of the Bankers' Mortgage Bond Company, that his relationship had been modified on a given date, and that he still had a financial interest in the same. We are unable to see that other details as indicated in interrogatories 6, 7, 9, and 10 are material to the trial of the cause. As we read

Barker's answer, interrogatory 49 has been answered. We also think respondent's criticism of interrogatories 53–59, that they are of too general a character, is well taken.

Barker was president of the Shades Valley Bank, and petitioner its cashier.

■ It is insisted for respondent that interrogatories 69 to 80, 83 and 84 call for evidence protected by the rules of privileged communications. But the argument overlooks the true character of the communication, in that they belong to the class of qualified or conditional privileged communications, and giving protection upon condition that actual or express malice be not shown. Phillips v. Bradshaw, 167 Ala. 199, 52 So. 662; Hunt v. Fid. Mutual Life Ins. Co., 167 Ala. 188, 51 So. 1000; Easley v. Moss, 9 Ala. 266; American Surety Co. v. Pryor, 211 Ala. 114, 99 So. 636; American Surety Co. v. Pryor, 217 Ala. 244, 115 So. 176; Hathaway v. Bruggink, 168 Wis. 390, 170 N. W. 244; Newell, Slander & Libel, p. 629.

Manifestly, in an effort to establish a case of liability under the above-noted rule, the first requisite is the proof of the language used, and as such communications are only conditionally or qualifiedly privileged, the witness may be required to state what was said. These interrogatories should therefore have been answered.

■ Interrogatories 88, 89, 90, 91, and 96 call for unsworn ex parte statements, such as have been held mere hearsay, and prima facie inadmissible (Culver v. Ala. Midland Ry. Co., 108 Ala. 330, 18 So. 827; Collins v. Mobile & Ohio R. R. Co., 210 Ala. 234, 97 So. 631), and there was no error in failing to require their answer.

■ The 98th interrogatory appears to have been answered, evidently to the satisfaction of the trial court, and clearly without more before us the trial court could not be put in error as to the same.

■ If no charges were made against plaintiff, as respondent insists, it may be so stated, but as here presented, we think, interrogatory 101 is a competent question. Interrogatory 138 is too general, and not confined to some one connected with one of the defendants.

Like observations are applicable to those numbered 140 to 144.

What has been said herein suffices for our conclusion that interrogatories 164 to 166 are insufficient upon which to predicate an insistence that they be answered.

It results that, as to the several interrogatories herein pointed out that should have been answered, the court was in error, and to that extent the writ of mandamus will issue as prayed.

Writ awarded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.