# Goodall-Brown & Co., *et al. v.* Ray.

*Bill to Enjoin Foreclosure, and to Cancel Mortgage.*

(Decided Feb. 3, 1910.    Rehearing denied June 30, 1910.
53 South. 137.)

1. *Discovery; Production of Instrument.*—A court of chancery has inherent power to compel the production of original documents for evidential purposes independent of the statute, and hence in a suit to enjoin foreclosure and cancel a note and mortgage, the court could compel the production of the note and mortgage.

2. *Same; Statutes; Scope.*—Under section 3135, Code 1907, in a suit to restrain foreclosure and to cancel a note and mortgage, the complainant could require the respondents to answer as a matter of fact whether there had been any transfer of the note and mortgage, and when, etc., and to attach to the answer two copies of the notes and mortgage, and any written assignment thereof, and to the production of the original for inspection, and to make and have copies of the same, but a complainant cannot compel the respondents to attach the original note and mortgage and any assignments thereof to his answers to interrogatories.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by G. C. Ray against Goodall-Brown & Co., and others for cancellation of mortgage. Judgment rendered for failure to answer interrogatories against respondents, and they appeal. Reversed and remanded.

Ray filed his bill to enjoin the foreclosure and to cancel a mortgage executed by Ray to one Treadway, which was alleged to have been transferred by him, or rather assigned, to Goodall-Brown & Co. The ground alleged for cancellation was that Ray had paid the mortgage debt before its assignment to appellants. The bill alleges that the assignment is not in writing, and that there was no consideration for the transfer. The answer alleges that the mortgage was transferred in writing, and that the consideration for the transfer was the security for or in payment of a debt due by said Tread-

away to Goodall-Brown & Co. The cause being at issue, Ray propounded certain interrogatories to respondents, among them being interrogatory 1, as set out in the complaint. Respondents' answer to this interrogatory is as follows: "They say that they decline to attach the original note and mortgage executed by complainant to A. J. Treadway. They also decline to attach any other written assignment or paper made to respondents, as the same calls for immaterial, incomptent, and irrelevant testimony, and this is not the proper way to obtain said evidence. They submit themselves to the proper order of the court in this behalf." Motion was made to compel an answer to such interrogatory, and also for a decree granting relief because of a failure to answer, and an order was entered allowing 10 days' additional time within which to answer, and, having failed, the court granted the relief prayed for, rendering final decree to that end.

FRANK S. WHITE & SONS, and CARMICHAEL & WYNN, for appellant. The complainant had no right to have the respondent attach the original note and mortgage and any written assignment thereof to his answer to interrogatories.—Sec. 5, Const. 1901; *Lester v. People,* 41 Am. St. Rep. 273; *State v. District Court,* 94 Am. St. Rep. 835; *Ex parte Clark,* 77 Am. St. Rep. 176. The appellants properly excepted within the time fixed by law.—Sec. 3137, Code 1907. The taking of the final decree was harsh and oppressive to appellant.—*Rushing v. Willis,* 28 S. W. 921.

GEORGE HUDDLESTON, for appellee. The court did not exceed its power in requiring appellant to attach original papers to his answer. Sec. 5 of the Constitution has no application.—*Den v. Hoboken L. Co.,* 18 How.

272; *Boyd v. U. S.*, 116 U. S. 633; *Blum v. The State*, 94 Md. 382. The court had power to require the production of original papers for evidential purposes without the aid of the statutes, and hence, the statute must mean that these powers are enlarged.

DOWDELL, C. J.—The final decree from which this appeal is taken was rendered upon the failure of the respondents to answer interrogatory No. 1, contained in interrogatories exhibited by the complainant to the respondents, under section 3135, Civ. Code 1907. This section reads as follows: "If the complainant wishes to examine the defendant touching the matters at issue, he may exhibit interrogatories to the defendant and call upon him to answer the same; and on his failure to answer them within such a time as may be prescribed by the register, the court may, by attachment, compel him to answer them, or may render a decree granting relief to the complainant, or may extend the time for such answers to be made." Interrogatory No. 1, which the respondents declined to answer (to respond to), is as follows: "(1) Attach to your answers the original note and mortgage executed by complainant to A. J. Treadway, together with any written assignment thereof that was made to defendants, and identify the same as exhibits to your answers." That the note and mortgage, with any written assignment thereof, were pertinent to the issues in the case, cannot be denied. That the court of chancery had the inherent power to compel the production of the same for evidential purposes—and this, independent of any statute—is not to be questioned. See note to the case of *Lester v. People*, 41 Am. St. Rep. 375-378.

The complainant, under the issues, had the right to interrogate the respondents, and to require them to answer whether, as a matter of fact, there had been any transfer of the note and mortgage, and when, etc., and to require them to attach to their answers true copies of the note and mortgage and any written assignment thereof. Furthermore, he was entitled to a production of the originals for inspection, and to make and have copies of the same; and, as we have said, it was within the power of the chancery court to compel this. But this was not sought by interrogatory No. 1. By it the respondents were required to attach to their answers their original papers for an indefinite time, and as for that matter for all time, unless the respondents should apply for and obtain an order of the court to reclaim them. The complainant, appellee here, bases his claim of such a practice—to have the respondents' orig- inal papers attached to their answers, and thereby indefinitely impounded in court—upon the above-quoted section of our Civil Code. In our opinion, a fair and reasonable interpretation of the statute does not warrant such conclusion, and we are unwilling to sanction the practice resorted to here by the complainant.

This leads us to the further conclusion that the chancellor was in error in rendering a final decree on the merits of the case in favor of the complainant for the failure of the respondents to attach their original papers as required by the interrogatory. We are not to be understood as holding that it was not within the power of the court, in addition to what we have intimated, to compel a production of the originals for a comparison with copies furnished, or temporarily at the trial, to be used in evidence.

The decree appealed from will be reversed, and the cause remanded, to proceed to a final determination along the lines indicated.

Reversed and remanded.

MAYFIELD, SAYRE, and EVANS, JJ., concur.