BOLIN, Judge.
Plaintiffs, representing themselves to be the assignees of Pelican Record Distributing Corporation, instituted this action against defendant to recover the sum of $453.59 alleged to be the unpaid balance due for the purchase of phonograph records. Defendant denied plaintiffs’ allegations and affirmatively alleged he had been doing business with Pelican for a number of years under a verbal agreement known in the record industry as an “automatic shipment” arrangement which assured defendant of having new record releases. It was further contended that under such an arrangement if the records did not sell defendant had the right to return them to-Pelican and have his account credited. Pursuant to the foregoing agreement defendant asserted he had shipped a number of records back to Pelican but Pelican *13 had refused to accept them; that on the date of trial he was ready and willing to return the records for credit if Pelican would receive them. In conclusion, he asked that plaintiffs’ demands be rejected.
After trial on the merits, the lower court rejected plaintiffs’ demands, for reasons orally assigned but dictated into the transcript, deciding there was no proof of an assignment of this account by Pelican Corporation to plaintiffs. He did not otherwise pass on the merits of the case nor the affirmative defense set up by defendant. From this judgment plaintiffs have appealed.
Considering first the ruling of the trial court relating to the assignment of the account, the record and attached exhibits reflect plaintiffs were officers in the Pelican Record Distributing Corporation and that prior to the time of the purchases, upon which this suit is based, plaintiffs caused to be executed a written instrument as follows:

“STATEMENT OF ASSIGNMENT OF ACCOUNTS RECEIVABLE

“January 1, 1963
“Pelican Record Distributing Corporation has assigned and intends to continue to assign accounts receivable to William L. Rolf and Joseph McCarty in accordance with the Louisiana Assignment of Accounts Receivable Law. (Emphasis ours.)
“The assignor is a corporation. The place of business of assignor at and/or from which is conducted the business or occupation in the course of which accounts to be assigned have been or will be contracted is at 616 Girod Street, New Orleans, Louisiana.
“The assignees are individuals, the principal place of business of assignees is at 708 Church Street, New Orleans, Louisiana.
“PELICAN RECORD DISTRIBUTING CORPORATION through its proper agent:
“s/William Rolf
WILLIAM L. ROLF, President
“s/Joseph McCarty
JOSEPH R. McCARTY, Vice President
Assignors

s/Joseph R. McCarty
JOSEPH R. McCARTY, Assignees”
In addition to the above written instrument, plaintiff McCarty testified this account was orally assigned by Pelican to plaintiffs and that a valid consideration was paid therefor. The trial court took the position the written evidence of the assignment merely showed an intention to assign rather than an actual assignment of a specific account and dismissed plaintiffs’ claim.
LSA-Revised Statutes 9:3101 through 3109 provides one method whereby accounts receivable may be assigned. Section 3103 provides a sample written form for such assignments, which form was used by these parties in executing the instrument quoted supra in this opinion. However, it should be noted the provision outlined herein is not to be considered as the exclusive method of assigning accounts receivable. To the contrary, Section 3109 thereof provides :
“This Part is intended to provide an additional method of assigning accounts receivable, as defined in R.S. 9:3101, par. (1) and shall not have the effect of repealing any other provision of law authorizing the assignment of accounts receivable. Acts 1952, No. 293, § 10.”
Section 3102 requires the assignment to be written and filed for record if the as- *14 signee desires to protect himself against payment by the debtor to the original creditor. Interpretation of this provision may be found in Dale, Inc. v. Killilea (Orl. App., 1957) 94 So.2d 146.
Pertinent to the question of the form of assignments, other than as delineated in tile preceding statutes, is the following article of the LSA-Civil Code:
Article 2642:
“In the transfer of credits, rights or claims to [against] a third person, the delivery takes place between the trans-ferrer and the transferree by the giving of the title.”
Numerous judicial interpretations of the above article are to be found cited in the annotations thereto. These cases hold that no special form or words are necessary in order to constitute a valid assignment nor is it necessary that such an assignment be in writing.
Applying the law as outlined above to the facts of the instant case, we believe a valid assignment has been shown; and further that the lower court was in error in rendering judgment in favor of defendant on the ground the assignment had not been legally executed.
Plaintiffs strenuously contended, on application for a new trial and on appeal, that the lower court erred when, .on its own motion, it rejected their demands. Plaintiffs claim the invalidity of the assignment should have been raised in limine by an exception of want of capacity. Having decided the assignment was valid, we pretermit any discussion of the propriety of the lower court’s action in this respect.
We now pass to the issues of the case raised by defendant’s answer in the form of a general denial and by his affirmative defense. Plaintiffs introduced in evidence a statement of account which showed the dates and amounts of all purchases together with payments, leaving the balance for which this suit was prosecuted. Copies of invoices, also filed in evidence, corroborated in every detail the various purchases shown on the statement of account.
Defendant did not deny receiving the merchandise itemized nor that the amount stated on the account was correct; rather he interposed the affirmative defense that under the “automatic shipment” agreement he had returned other records to the plaintiffs, for which he claims credit, but which they refused to accept. Defendant did not contend the returned merchandise was identical with that shown on the invoices for which he was being sued; nor did he contend such merchandise was sufficient in amount to liquidate the debt: The only testimony on this question was inconclusive and to the effect that some of the records shipped back had a value at that time of sixty cents per record. Defendant, having affirmatively alleged the debt had been liquidated by the return of records for credit, under the verbal arrangement which he purportedly had with Pelican, had the burden of maintaining such a defense. See LSA-Code of Civil Procedure Article 1005 and LSA-Civil Code Article 2232.
The evidence, which is scanty on this issue, reflects defendant did in fact mail several separate shipments of records back to the Pelican Distributing Corporation and that such records were refused by Pelican and were returned to defendant. It is also undisputed that defendant tendered the records and on the date of the trial offered to return such records to plaintiffs, as assignees, but this tender was refused. Plowever, plaintiffs deny they had any agreement with defendant allowing automatic shipments with returns for credit and testified they had not had such an understanding for at least three years prior to this controversy. Under the circumstances, we think it was incumbent upon the defendant to prove the alleged agreement with definiteness and further to prove the total value of the returned records was in excess of the amount claimed *15 in this suit. On each of these points we think the defendant has failed to meet the burden of proof.
For the reasons assigned, the judgment appealed from is reversed, annulled and set aside and there is now judgment in favor of plaintiffs, William L. Rolf and Joseph R. McCarty, assignees of Pelican Record Distributing Corporation, and against Stanley J. Lewis, doing business as Stan’s Record Shop in the principal sum of $453.59, together with five per cent (5%) interest per annum thereon from judicial demand until paid and for all costs.
Reversed and rendered.