431 So.2d 858 (1983)
Salvadore A. MARZULA, Plaintiff-Appellant,
v.
T.E. WHITE, Jr., DBA T.E. White Maintenance Company, Defendant-Appellee.
No. 15315-CA.
Court of Appeal of Louisiana, Second Circuit.
May 3, 1983.
*859 W. Eugene Golden, Shreveport, for plaintiff-appellant.
Mayer, Smith & Roberts by Caldwell Roberts, Shreveport, for defendant-appellee.
Before MARVIN, JASPER E. JONES and SEXTON, JJ.
*860 JASPER E. JONES, Judge.
The plaintiff in this personal injury action is Salvadore A. Marzula. The defendant is T.E. White, Jr., doing business as T.E. White Maintenance Company. Marzula appeals a judgment sustaining defendant's motion for summary judgment and dismissing this action. We reverse and remand.
The plaintiff was an employee of Pumpmasters Corporation, a firm engaged in the business of installing service station equipment. In February, 1981, Pumpmasters was installing underground gasoline storage tanks at a convenience store being constructed in Shreveport, Louisiana.
Due to the large size of the tanks being installed it was impractical for Pumpmasters to bury them with its own small earth moving equipment. For that reason, Pumpmasters contracted with the defendant for a price based upon the size of the tanks to excavate the hole for the tanks. Pumpmasters frequently made such arrangements with White when its own equipment was inadequate for a job.
On February 3, 1981, three of defendant's employees dug the hole for the tanks using two large backhoes. When the hole had been dug to a depth of approximately twelve feet, digging was stopped while Marzula and another Pumpmasters employee descended into the hole to check its dimensions. While the men were in the hole one side of it collapsed onto Marzula causing serious injuries.
Marzula brought this action alleging that the accident was caused by the negligence of White's employees. White answered denying any negligence by his employees, pleading contributory negligence and asserting that plaintiff's sole remedy was in worker's compensation.
White then made a motion for summary judgment on grounds that he and his employees were statutory employees of Pumpmasters and that this tort action was barred by the Worker's Compensation Law. The motion for summary judgment was supported by depositions.
The district judge, relying on Johnson v. Alexander, 406 So.2d 1378 (La.App. 3d Cir. 1981), concluded that the motion for summary judgment was well founded and entered judgment in defendant's favor dismissing this action. This appeal followed.
Marzula makes only one assignment of error. He contends the district judge erred in concluding that an employee of a principal cannot maintain a tort action against a sub-contractor and his employees who are statutory employees of the principal.
That the appellant's contention is correct is not seriously disputed. The supreme court reversed the third circuit and held that subcontractors and their employees are not immune from tort actions by employees of the principal. Johnson v. Alexander, 419 So.2d 451 (La.1982).
However, defendant now contends that he is entitled to summary judgment on a second basis. Defendant contends that his employees at the jobsite were the borrowed employees of Pumpmasters and co-employees of the plaintiff. On that basis defendant concludes that this tort action is barred by R.S. 23:1032.
The defendant's new contention poses two issues. First, were defendant's employees the borrowed employees of Pumpmasters and, second, would § 1032 bar a tort action by a general employee against a special employee of his employer. Further, these issues must be considered with reference to the rules governing summary judgment.[1]
Summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. Thornhill v. Black, Sivalls & Bryson, Inc., 394 So.2d 1189 (La.1981).
Summary judgment is not a substitute for trial on the merits and weighing *861 evidence or making evaluations of credibility has no place in determining a summary judgment. Urban Management Corp. v. Burns, 427 So.2d 1310 (La.App. 2d Cir.1983).
The documents supporting the motion for summary judgment must be viewed in the light most favorable to the party opposing the motion. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981).
The mover bears the burden of showing that there is no genuine issue of material fact and any doubt is resolved against summary judgment and in favor of trial on the merits. Thornhill v. Black, Sivalls & Bryson, Inc.
We now consider whether White's jobsite employees were the borrowed employees of Pumpmasters.
Whether a person is a borrowed servant is an issue of fact. LeBlanc v. Roy Young, Inc., 308 So.2d 443 (La.App. 3d Cir. 1975), writ denied, 313 So.2d 240 (La.1975); Vincent v. Ryder Enterprises, Inc., 352 So.2d 1061 (La.App. 3d Cir.1977); Nichols Construction Corporation v. Spell, 315 So.2d 801 (La.App. 1st Cir.1975).
There is a presumption that the general employer retains control of his employee. Benoit v. Hunt Tool Co., 219 La. 380, 53 So.2d 137 (1951); Pagitt Well Service, Inc. v. Sam Broussard, Inc., 293 So.2d 631 (La. App. 3d Cir.1974), writ refused, 295 So.2d 817 (La.1974).
The party who alleges that an employee has become a borrowed servant bears the burden of proof on that issue and a mere showing of division of control is not enough to meet that burden. Benoit v. Hunt Tool Co.; Nichols Construction Corporation v. Spell.
In order for the employee of the general employer to become the borrowed employee of a special employer it must be shown that the employer-employee relationship between the general employer and his employee has been suspended and a new and like relationship has been created between the general employer's employee and the special employer. This change of relationship does not occur when the work being performed by the general employer's employee is the general employer's work and where he retains some control over his employee. Benoit v. Hunt Tool Co., supra; LeBlanc v. Roy Young, Inc., supra.
A review of the depositions leaves serious doubt as to whether the employees were borrowed by Pumpmasters. That doubt is further heightened when the contrary presumption is also considered. Construing these depositions in a light most favorable to appellant they can only be said to establish that there is no material issue of fact that there was a division of control between White and Pumpmasters over White's employees that dug the hole. These employees were hired by White and could be fired only by him. They brought White's machines to the job site and were in actual control of operating the machines. The depositions do not reflect that Pumpmasters controlled the actual manner in which these machines were operated.
Pumpmaster's superintendent, Leo Jones, testified in his deposition as follows with regard to the extent of control that he exercised over White's employees:
"Q. Do you tell them how to do the job or do you simply tell them what job you want done?
A. Generally, what job I want done and about how we will go about it; but actually what to do, no, sir."
The defendant has failed to discharge his burden, as mover for summary judgment, of showing that there is no genuine issue of material fact. Summary judgment is improper in this case.
Because of defendant's failure to establish that his employees were borrowed by Pumpmasters we do not consider whether this action would be barred if such were proven.[2]
*862 For the foregoing reasons the judgment of the district court is REVERSED and this cause is remanded for further proceedings not inconsistent with the views expressed herein.
NOTES
[1] For an extensive review of the rules applicable to summary judgment see Succession of Dubuisson v. Cook, 427 So.2d 1312 (La.App. 2d Cir.1983).
[2] However, we observe that there is considerable question as to the viability of this defense. See LeJeune v. Allstate Ins. Co., 365 So.2d 471 (La.1978) and the cases therein discussed.