CULPEPPER, Judge Pro Tem.
Plaintiff, Dennis Lacombe, an oil rig worker for Cliff’s Drilling Company (Cliff’s), instituted suit against Duke Transportation, Inc. and Duke Equipment Company, Inc. (Duke), defendant, seeking damages for personal injuries allegedly caused by the negligent operation of a crane by defendant’s employee, Donald Guillory. Duke filed a third party demand against Hicks, alleging that the crane operator was a “borrowed employee” of Hicks who is vicariously liable. The trial court dismissed Duke’s third party demand on Hicks’ motion for summary judgment. Duke appeals, contending that there exists a genuine issue of material fact relative to the crane operator’s status as a “borrowed servant.” Finding that there are issues of material fact as to the crane operator’s status as a “borrowed employee,” we reverse and reinstate Duke’s third party demand.
FACTS
As shown by the pleadings, depositions and affidavits considered in deciding the motion for summary judgment, the facts are as follows. After completing drilling operations at rig # 30, Cliff’s contacted Hicks to secure two 60-ton cranes and operators to dismantle the rig. Hicks had only one crane available and contacted a competitor, Duke, to secure a second. Duke agreed to supply the crane and an operator at a rate of $100 per hour. This amount was paid by Cliff’s to Hicks, who in turn paid Duke, who paid its operator. Duke’s employee, Donald Guillory, was assigned to operate the crane. The crane and operator were sent directly from Duke to Cliff’s jobsite.
After the crane was assembled by Guillo-ry, he was instructed by Cliffs toolpushers and drillers to begin disassembling the rig. The Hicks’ crane was performing in the same manner. The Duke crane was used to hold up portions of the derrick A-frame, while Hicks’ crew removed each part of the rig. During this process, crane operator Guillory moved a spreader beam on the rig in such a manner that a leg of the rig dislodged and fell to the ground. Because of plaintiff’s position, he was forced to “ride” the dislodged leg to the ground, thereby injuring his leg.
Plaintiff brought suit against Duke and its insurer on the theory that, as employer, Duke is vicariously liable for harm resulting from an employee’s negligence. Duke *710 subsequently brought a third party demand against Hicks alleging that the crane operator became Hicks’ “borrowed, special and/or joint employee” making Hicks vicariously liable for the crane operator’s negligence.
The trial court held that there existed no genuine issue of material fact as to the “borrowed employee” status of the crane operator and granted Hicks’ motion for summary judgment dismissing Duke’s third party demand.
In their briefs, counsel state that after the court granted Hicks’ motion for summary judgment dismissing Duke’s third party demand against Hicks, Duke settled with the plaintiff. The only remaining dispute in this suit is Duke’s third party demand against Hicks.
ISSUE
The sole issue is whether there exists a genuine issue of material fact as to Duke’s contention that the crane operator became Hicks’ “borrowed employee.”
SUMMARY JUDGMENT
Pursuant to LSA-C.C.P. art. 966, a motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. Any doubt must be resolved against the motion and in favor of a trial on the merits. LSA-C.C.P. art. 966; Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976).
The issue of whether or not an individual is a “borrowed employee” is a question of fact. The most commonly employed test utilized by the courts in making this factual determination is the “right of control” test. Additionally, the concept of the “borrowed employee” doctrine connotes an agreement of some type between the lender and borrower as to relinquishment of control of the employee to the borrower. In LeBlanc v. Roy Young, Inc., 308 So.2d 443 (La.App. 3rd Cir.1975), a case also involving a crane operator, we stated the rule as follows:
“[3,4] As pointed out by this court in Kezerle v. Hardware Mutual Casualty Co., 198 So.2d 119 (La.App. 3rd Cir.1967), writ refused 250 La. 918, 199 So.2d 921 (1967):
“In these cases the courts have consistently held that there is a presumption that the general employer is responsible in damages for the torts of his employee. If the general employer seeks to avoid liability on the ground that his employee is the ‘borrowed servant’ of another, then the burden of proof rests upon the general employer (...) to show that as to the particular work in question the servant has been loaned, that the relationship of master and servant which theretofore existed between the general employer and employee has been suspended, that a new relationship of master and servant has been created between the borrowing employer and that employee and that this new relationship was in existence at the time the accident occurred.
A test which has been applied consistently in determining whether a person is a borrowed servant is to ascertain who controls him in that employment, and who has the power and right to control. and direct him in the performance of his work. In order to establish that the employee is the borrowed servant of another, we think it is essential for the general employer to establish, among other necessary elements of proof, that the borrowing employer exercises control over the employee and has the right to control him, that the general employer has relinquished the right to control him, and that the employee is performing work for the borrowing employer and in the latter’s business.”
At the hearing on the motion for summary judgment, Duke introduced into the record one document, the affidavit of Douglas D. Wilson, general manager of *711 Duke. Hicks introduced the affidavit of Ron Carriere, its general manager, and also six depositions, including those of the crane operator, Donald Guillory, Cliffs foreman and toolpushers, and roughnecks on the job. The district judge gave no written reasons, but he was apparently convinced by this evidence that either Duke, the general employer, retained control over Guillory, or that Cliffs had the right of control and actually exercised control, through its foreman and toolpusher, over Guillory, during the dismantling of the rig.
On appeal, Duke argues persuasively that the affidavit of its general manager, Doug Wilson, alone shows there is a genuine issue of material fact. Wilson states in his affidavit:
“During the time from December 4th-6th, Hicks Construction Company leased a Link Belt Crane from Duke Equipment Company. This crane was rented by Hicks Construction Company at an hourly rate of $100.00 per hour. An operator, Donald Guillory, was provided with the crane at no extra hourly charge.
The verbal lease -agreement between Hicks Construction and Duke contained no instructions, restrictions or qualifications as to the work which the crane would be performing. The crane was to be used in what ever manner and to perform what ever work Hicks, in its discretion, decided to do. The crane operator, Donald Guillo-ry, had, at the time of the leasing of the crane, “no other supervisor other than Hicks. Hicks could instruct Donald Guillo-ry when to come to work and when to leave; where to locate his crane, when to move it and when to stop it; what loads to lift, when to lift them and what manner and procedure to use in lifting them; what loads to lower, when to lower the loads and what manner or procedure to use in lowering the loads, and generally Hicks could give any other instructions or orders as to how to perform the work which Hicks instructed the crane and Donald Guillory to perform. The job of the crane operator was to follow the orders and instructions of Hicks and to use his knowledge and experience to operate the crane in order that the crane would make the lifts and perform the tasks which the Hicks representatives requested that the crane perform.
When Hicks no longer needed the crane, the crane was released. Hicks was billed for the use of the crane; the invoice has previously been produced at the request of the plaintiff and a copy of the invoice was marked for identification as Item # 8 and attached to the deposition of Doug Wilson dated October 14, 1982.”
The Wilson affidavit, quoted above, appears on its face to create a genuine issue of material fact. In its appellate brief, Hicks argues that Wilson’s affidavit should be given little weight because it is self-serving. Moreover, Hicks argues that the affidavit of its manager, Ron Carriere, and the depositions of Cliffs foreman and tool-pushers and roughnecks and the deposition of Guillot himself show that actually Hicks never did assume any control over Guillory. These documents do indeed appear to support Hicks’ argument that Cliff’s foreman and toolpushers instructed Guillory as to when to report to work, where to move his crane and what loads to pick up. Guillory’s deposition states generally that he followed instructions from Cliff’s foreman and tool-pushers as to the location of his crane and the loads to pick up, but he said that he retained the discretion to determine whether his crane was in the right position and whether he could lift the load, and furthermore he said that in the event of any trouble with the crane or with the job, he would have reported back to Duke for instructions. If the Carriere affidavit and the depositions were the only documents in evidence, the trial judge may have been correct in finding there was no genuine issue of material fact, and that Hicks had no right of control over the crane operator. However, we must also consider the affidavit of Wilson, Duke’s general manager, which on its face states that Duke relinquished complete control to Hicks.
Under the general rules applicable to summary judgment, as stated above, any *712 doubt as to whether there is a genuine issue of material fact must be resolved against the mover and in favor of a trial on the merits. It is our opinion that in the present case the affidavit by Wilson creates such a doubt.
We hold that genuine issues of material fact exist as to the “borrowed employee” status of Donald Guillory. These disputed and material issues include, among others, the right of control by Hicks over the operator, and the existence of an agreement or lease between Hicks and Duke concerning the crane and operator.
Accordingly, the summary judgment in favor of Hicks is annulled and set aside. The matter is remanded for further proceedings; assessment of costs to await disposition on the merits.
REVERSED, SET ASIDE AND REMANDED.