WICKER, Judge.
The plaintiffs appeal a summary judgment dismissing their suit for partition in kind of batture property. We reverse and remand for further proceedings.
David J. Vial; David J. Vial, M.D., a Professional Medical Corporation; Alice Grizzaffi, wife of David J. Vial; Hubert J. Keller; and Melanie C. Vial collectively own one third of certain immovable property located in St. Charles Parish. The property consists of the Homeplace Plantation and its attached batture. These individuals brought suit against Richard Keller, owner of the remaining two thirds of this property, and his lessee, Westside Sand Company, Inc., to partition the batture. The Vial group alleged that the batture was unimproved and could be divided in kind without diminishing its value and without loss or inconvenience to Keller.
Keller moved for a summary judgment based on his allegation the property was impossible to divide in kind. At the trial of the motion, the evidence consisted of answers to interrogatories by both factions outlining their contentions with regard to division in kind, affidavits of the parties themselves, and affidavits furnished by Keller from other batture owners, operators of barge companies, and a real estate broker. Neither side furnished depositions or affidavits from appraisers or other acknowledged experts.
II] Partition in kind is the preferred mode. L.S.A.-C.C.P. art. 4605. “The law favors partition in kind whenever possible, provided such division is convenient and does not result in diminution in value of the property or cause loss or inconvenience to one of the owners.” Maddox v. Percy, 351 So.2d 1249, 1254 (La.App. 1st Cir.1977). The co-owner who opposes an in-kind partition has the burden of proving the adverse consequences of it. If it is not possible to divide the property into portions of equal value, “the inequality is compensated for by the return of money which the owner of the more valuable parcels pays his co-owner.” Maddox v. Percy, supra at p. 1254. See also Babineaux v. Babineaux, 237 La. 806, 112 So.2d 620 (La.1959).
We find that the affidavits submitted by Keller are insufficient to eliminate any question of fact regarding the feasibility of partitioning the property in kind. The affidavits in question refer to *396 batture property in a general way and do not address this particular batture. We believe that issue can only be decided after a trial on the merits.
A summary judgment is not a substitute for a trial on the merits, and all doubt should be resolved against the mover. Ballard v. Jayakrishnan, 427 So.2d 665 (La.App. 5th Cir.1983). The papers supporting the mover’s position must be scrutinized closely, while the opponent’s papers must be indulgently treated. Watson v. Cook, 427 So.2d 1312 (La.App. 2d Cir.1983). Any doubt concerning a dispute as to a material fact must be resolved against the granting of the motion. Ferguson v. Lambert, 501 So.2d 911 (La.App. 5th Cir.1987).
We reverse the trial court and remand this matter for further proceedings. All costs must be paid by Keller.
REVERSED AND REMANDED.